|  |  |
|---|---|
| SEELY MOORE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EXETER FINANCE CORP., et al.,<br><br>　　　　　　Defendants. | Case No. 17-cv-04082-BLF<br><br>**ORDER SUBMITTING DEFENDANT EXETER'S MOTION TO DISMISS WITHOUT ORAL ARGUMENT; VACATING MOTION HEARING; AND DENYING MOTION**<br><br>[Re: ECF 21] |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

Defendant Exeter Finance LLC moves to dismiss Plaintiff Seely Moore's complaint under Federal Rule of Civil Procedure 12(b)(6). The complaint asserts claims against Exeter for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25(a), based on Exeter's allegedly inaccurate reporting of a debt as "charged off i.e. delinquent" after the debt was discharged in Plaintiff's Chapter 7 bankruptcy. Compl. ¶¶ 50-51, 61- 72, ECF 1. Plaintiff has dismissed all FCRA claims against Exeter, however, leaving only a single CCRAA claim (Claim 6) for evaluation under Rule 12(b)(6). *See* Order for Dismissal of FCRA Claim, ECF 35. The Court SUBMITS Exeter's motion without oral argument and VACATES the hearing set for February 8, 2018. *See* Civ. L.R. 7-1(b). The motion is DENIED for the reasons discussed below.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The CCRAA provides in relevant part that: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or

1 should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Plaintiff alleges that the Exeter debt was discharged in bankruptcy in December 2016; Exeter thereafter reported the debt as "charged off i.e. delinquent"; and Exeter knew or should have known such reporting was incomplete or inaccurate. Compl. ¶¶ 50-51, 61- 72, 129-34, ECF 1.

Exeter does not challenge the legal sufficiency of Plaintiff's CCRAA claim as alleged. Exeter instead disputes Plaintiff's factual allegations, asserting that it did *not* report the debt as "charged off i.e. delinquent" post-discharge, but in fact reported the debt as discharged through Chapter 7 bankruptcy, the outstanding balance as $0, and the account as closed. Motion at 1-2, ECF 21-1. In support of its position, Exeter submits an automated credit dispute verification ("ACDV") which it transmitted to third party TransUnion LLC in April 2017. Collins Decl. ¶¶ 2-3 & Exh. A, ECF 21-2. Exeter asks the Court to consider the ACDV under the incorporation by reference doctrine, which permits a court to consider documents referenced in but not physically attached to the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Exeter argues that the incorporation by reference doctrine is implicated by paragraph 59 of the complaint, which alleges that "Plaintiff is informed and believes that each CRA received Plaintiff's dispute letter and in response sent Plaintiff's dispute to each DF via an ACDV through e-OSCAR." Compl. ¶ 59, ECF 1. Because that paragraph does not refer to any particular ACDV, the Court is not persuaded that the ACDV submitted by Exeter may be considered in connection with the motion to dismiss. But even if the Court were to consider it, evidence of the manner in which Exeter reported the debt to one credit reporting agency, TransUnion, does not render implausible Plaintiff's specific allegation that Exeter reported the debt improperly to a *different* credit reporting agency, Experian. *See* Compl. ¶ 61 ("Defendant Exeter reported to Experian that Plaintiff's account, beginning in 68068 was charged off i.e. delinquent in April of 2017, nearly four months after Plaintiff received a chapter 7 discharge.").

Accordingly, Exeter's motion to dismiss Plaintiff's CCRAA claim (Claim 6) is DENIED.

Dated: January 29, 2018

_____
BETH LABSON FREEMAN
United States District Judge

2